**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-50744
Summary Calendar

IN THE MATTER OF JOSE MARIA GUARDIA LOPEZ,

JOSE MARIA GUARDIA LOPEZ,

Appellant,

versus

BRUCE DUNCAN,

Appellee.

Appeal from the United States District Court
for the Western District of Texas

(EP-96-CA-137)

June 3, 1997

Before POLITZ, Chief Judge, JONES and SMITH, Circuit Judges.

POLITZ, Chief Judge:[*]

Jose Maria Guardia Lopez appeals the district court's order affirming the

bankruptcy court's enforcement of an arbitration award and assessment of a fine

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

for civil contempt.  For the reasons assigned, we affirm.

## BACKGROUND

Guardia owned Cesta Punta Deportes, Inc., whose parent company operated a dog track and golf course in Mexico.  Bruce Duncan owned Juarez Racetrack Golf Complex, Inc., which contracted with Cesta Punta to build a driving range and bar, make improvements to the golf course, and manage the golf complex. Dissatisfied with JRGCI's performance, Guardia canceled the contract and evicted JRGCI.

In April 1995 Guardia, in his individual capacity, filed a chapter 11 bankruptcy petition.  Duncan, in his individual capacity and as president of JRGCI, filed a proof of claim for $795,759.44 based upon the canceled agreement.  On September 8, 1995 Guardia filed a motion to dismiss his bankruptcy case.  Duncan opposed same.  The bankruptcy court held a  hearing on the motion on September 20, 1995 at which Guardia and Duncan reached a settlement agreement.  The bankruptcy judge entered an order of dismissal based upon the terms and conditions of the settlement agreement, which provided *inter alia* that:  (1) Guardia would be personally liable to Duncan on the canceled contract; (2) the amount of Guardia's personal liability to Duncan would be determined in binding arbitration; (3) Duncan would be reimbursed for his actual investment in the golf complex

regardless of the reasonableness of his expenses; and (4) the bankruptcy court would retain jurisdiction to enforce the terms of the dismissal order.

The arbitration occurred on December 20 and 21, 1995 and the arbitrator awarded Duncan $314,019.48. Guardia did not pay the award within the time provided in the dismissal order, and on January 9, 1996 Duncan moved the bankruptcy court to compel compliance. The bankruptcy court held a hearing the next day in the absence of Guardia and ruled that he had 20 days in which to pay the arbitral award. Guardia subsequently moved to set aside the award. The bankruptcy court denied that motion. When Guardia did not comply within 20 days, the bankruptcy court entered final judgment ordering Guardia to pay the arbitration award and imposed an assessment of $314,769.48 for civil contempt.[1]

Guardia filed several motions for reconsideration, all of which the bankruptcy court denied. Guardia appealed to the district court, which affirmed all orders and judgments of the bankruptcy court. Guardia timely appealed the district court's decision.

## ANALYSIS

---

[1]Since the filing of this appeal the arbitration award has been satisfied by Duncan's foreclosure on Guardia's home in El Paso, Texas. The satisfaction of the award does not affect our disposition of Guardia's appeal and we accordingly reject Duncan's motion to dismiss the case as moot.

Guardia contends that the bankruptcy court lacked subject matter jurisdiction to enforce the arbitration award because the underlying contract dispute between Cesta Punta and JRGCI was unrelated to Guardia's individual chapter 11 filing. That contention is wholly without merit. It is undisputed that the bankruptcy court had jurisdiction over Guardia's individual chapter 11 proceedings. The bankruptcy court dismissed Guardia's case under the terms and conditions of the dismissal order. As part of those terms and conditions Guardia assumed personal liability for the canceled agreement in an amount to be determined in arbitration. Because the bankruptcy court explicitly retained jurisdiction to enforce the dismissal order, it had jurisdiction to compel Guardia to pay the arbitration award.[2]

Contrary to Guardia's assertion, we are not endorsing the obviously incorrect proposition that the parties may by consent confer subject matter jurisdiction upon a federal court.[3] The parties did not attempt to confer jurisdiction on the bankruptcy court. Rather, jurisdiction was automatically conferred on the court when Guardia filed his original bankruptcy petition. The settlement agreement

---

[2]*See* **Kokkonen v. Guardian Life Ins. Co. of America**, 114 S.Ct. 1673 (1994) (explaining that federal court may by specific provision retain jurisdiction over the enforcement of a settlement agreement that has been incorporated into a dismissal order).

[3]*See* **Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinea**, 456 U.S. 694 (1982) (explaining that parties cannot confer subject matter jurisdiction upon a federal court and, therefore, that consent of parties is irrelevant).

merely resolved that Duncan's proof of claim, which he filed both as an individual and as president of JRGCI, was within the scope of Guardia's personal bankruptcy.

Guardia urges several other assignments of error, none of which has any merit. These properly were disposed of by the district court in its Order signed September 6, 1996.

The judgment appealed is AFFIRMED.